UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAMAR DAVENPORT,

                    Plaintiff,

            – against –

MORGAN FREEMAN, CHRISTOPHER
PREVOST, JUDGE ELLEN BIBEN, THE PEOPLE
OF THE STATE OF NEW YORK, and
REVELATIONS ENTERTAINMENT,

                    Defendants.

**ORDER**

25 Civ. 6865 (ER)

Ramos, D.J.:

Lamar Davenport, appearing *pro se*, filed this action on August 17, 2025, pursuant to 42 U.S.C. § 1983, seeking his immediate release from prison as well as compensatory and punitive damages.  Doc. 1.  Although Davenport is the named plaintiff in this action, the complaint and each of the documents filed by Davenport are signed by Tracy Baltimore, who is Davenport's mother and has power of attorney for him. [1]  Doc. 10 (letter from Baltimore stating that she is Davenport's power of attorney); *see* Docs. 1, 3–9, 11 (filings which are signed either as "Tracy Baltimore, Power of Attorney" or just "Power of Attorney").  On Davenport's behalf, Baltimore has filed the complaint, an emergency motion to subpoena electronic communications, a motion for subpoena of witnesses and records, a petition for the writ of *habeas corpus*, an affidavit in support of the *habeas* petition, a supplement to the *habeas* petition, a motion to vacate Davenport's

---

[1] In the instant case, Baltimore does not mention that she is Davenport's mother; however, in a related, previous-filed case, *Baltimore v. The State of New York et al.*, she does. 25 Civ. 4701 (Doc. 1.).

sentence, an emergency motion to schedule a conference, and a motion to require defendant Christoper Prevost to seek private representation.  Docs. 1–9, 11.

This is the third action in this District in which Ms. Baltimore has sought the release of Davenport herself.  In the first action, Baltimore was the plaintiff and filed a petition for the writ of *habeas corpus* for Davenport's release.  *Tracey Baltimore as Power of Attorney for Lamar Davenport v. Biben*, No. 25 Civ. 4701 (LLS), 2025 WL 1993695 (S.D.N.Y. July 15, 2025), *reconsideration denied sub nom. Baltimore v. Biben*, No. 25 Civ. 4701 (LLS), 2025 WL 2144765 (S.D.N.Y. July 28, 2025).  Judge Stanton dismissed that case on the grounds that, as a non-attorney, Baltimore could not represent her son in a civil rights action, and she had not shown any reason as to why Davenport could not appear on his own behalf to prosecute a petition for writ of *habeas corpus*.  *Id.* at *2.

Most recently, in *Baltimore v. The State of New York et al.*, 25 Civ. 5887 (ER), Baltimore again filed a series of motions on behalf of Davenport, including a petition for the writ of *habeas corpus*.  In that case, on March 30, 2026, this Court dismissed the motions on behalf of Davenport, including the *habeas* petition, for the same reasons as Judge Stanton ("[A]s she was previously advised in the case before Judge Stanton, Ms. Baltimore cannot file a lawsuit on behalf of Davenport . . .").  *Id.* (Doc. 29 at 6).

In the instant action, though Davenport is listed as the plaintiff, each of the filings on his behalf are signed by Baltimore.  *See* Docs. 1, 3–9, 11.  As Judge Stanton and this Court have previously advised her, Ms. Baltimore "cannot file a lawsuit on behalf of Davenport because 'an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.'"  *See Baltimore*, 25 Civ. 5887 (ER) (Doc.

2

29 at 6) (quoting *U.S. ex rel. Mergent Services v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008)).  Further, having power of attorney authority does not enable one to represent another person in court or file documents on their behalf.  *See Linder v. City of New York*, No. 18 Civ. 8573 (CM), 2018 WL 11296874, at *1 (S.D.N.Y. Oct. 1, 2018) ("Even if [p]laintiff has granted [a third-party] power of attorney, she may not bring this action on [p]laintiff's behalf or sign documents for him."); *see also Dennis v. JPMorgan Chase & Co.*, 342 F. Supp. 3d 404, 414 (S.D.N.Y. 2018) ("[A] mere power-of-attorney . . . does not confer standing to sue in the holder's own right." (citations omitted)).  As the Court has previously advised, Davenport can appear in federal court on behalf of himself, *pro se*, or with an attorney representing him; however, Baltimore cannot file motions on his behalf.[2]

Accordingly, the Court denies the pending motions and respectfully directs the Clerk of Court to terminate the motions, Docs. 2, 3, 9, 11, and close the case.

SO ORDERED.

Dated:    April 3, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[2] Alternatively, as this Court previously advised Baltimore, Baltimore could bring the petition for the writ of *habeas corpus* on behalf of Davenport if she satisfies the requirements of the "next friend doctrine." *See Baltimore*, 25 Civ. 5887 (ER), at n.7 ("With respect to the 'next friend' doctrine, in certain circumstances, a non-petitioner can file a petition for the writ of *habeas corpus* on behalf of another individual.  The non-petitioner, or the 'next friend,' must establish that they have a 'significant relationship' with the petitioner such that they are 'truly dedicated to [the petitioner's] best interests' and that the petitioner cannot appear on their own behalf, for instance because of 'inaccessibility, mental incompetence, or other disability.'") (alterations in original) (internal citations omitted).